**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 18, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RYAN PHILLIPS, a/k/a Spartan,

    Defendant - Appellant.

No. 21-6108
(D.C. No. 5:18-CR-00260-SLP-51)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

Ryan Phillips has appealed from his sentence despite the appeal waiver in his plea agreement. The government now moves to enforce that waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). Phillips's counsel responds that he is aware of no non-frivolous argument for overcoming the waiver and he has moved to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). We gave Phillips an opportunity to file a pro se response, which he did. For the reasons explained below, we will grant the government's motion to enforce the appeal waiver, grant counsel's motion to withdraw, and dismiss this appeal.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In December 2018, a grand jury in the Western District of Oklahoma indicted Phillips on various counts related to firearms and controlled substances. Phillips agreed to plead guilty to two of those counts: (1) possessing, with intent to distribute, 500 grams or more of methamphetamine, and (2) possessing a firearm despite a previous felony conviction. He further agreed to waive his "right to appeal [his] sentence as imposed by the Court, including . . . the manner in which the sentence is determined." Mot. to Enforce Appellate Waiver, Attach. 1 ("Plea Agreement") ¶ 21(b). The waiver included an exception, however, permitting an appeal of "the substantive reasonableness of [his] sentence" if the district court imposed a sentence "above the advisory Guidelines range determined by the Court to apply to Defendant's case." *Id.*

At the change-of-plea hearing, the district court conducted a thorough colloquy with Phillips. Phillips in turn asked questions, including to confirm that he could still appeal if the district court imposed an above-Guidelines sentence. Based on all this, the district court found that Phillips intelligently and voluntarily waived the rights he was giving up through his plea agreement. The district court therefore accepted the agreement.

At sentencing, the district court sentenced Phillips to 204 months on the methamphetamine charge and 120 months on the firearms charge, to be served concurrently. This sentence was not above the advisory Guidelines range determined by the court to apply to Phillips's case.

2

Our first question when faced with a motion to enforce an appeal waiver is "whether the disputed appeal falls within the scope of the waiver." *Hahn*, 359 F.3d at 1325. In his pro se response, Phillips points out that his Guidelines criminal history calculation went up by eight points based on the actual amount of methamphetamine involved (he says the court accepted 3,000 grams as the proper calculation) and the number of firearms involved (three). He compares this to the charges to which he pleaded—possessing 500 grams or more of methamphetamine and illegally possessing (apparently) a single firearm—and asks, "Does the plea waiver still hold even though I was sentenced outside of my plea agre[e]ment?" Letter dated Feb. 3, 2022, at 1.

Phillips was not sentenced outside of his plea agreement. The agreement contains no representations about Guidelines calculations other than the government's agreement that Phillips deserved certain downward adjustments for acceptance of responsibility. The agreement explicitly states that the government "reserves the right to inform the United States Probation Office and the Court of the nature and extent of Defendant's activities with respect to this case and all other activities of Defendant that the United States deems relevant to sentencing." Plea Agreement ¶ 27. The parties also stipulated that "the amount of actual methamphetamine associated with Defendant's relevant conduct in this case is 2,950 grams," *id.* ¶ 19, which appears to be what Phillips has in mind when he says that the court made its Guidelines calculation based on 3,000 grams. The agreement contains no similar stipulation to three guns, but Phillips withdrew an objection to the

3

presentence report's relevant calculation, stating (through counsel) "one firearm, three, it doesn't matter." R. vol. III at 5.

In any event, Phillips's appeal waiver "encompasses all appellate challenges to the sentence other than those falling within the explicit exception for challenges to upward departures." *United States v. Smith*, 500 F.3d 1206, 1210 (10th Cir. 2007). The district court did not depart upward, so any other argument (such as about Guidelines calculations) "clearly fall[s] within the scope of the waiver." *Id.* Indeed, Phillips explicitly gave up his right to appeal "the manner in which the sentence is determined." Plea Agreement ¶ 21(b).

We have independently reviewed the record and have found no other potential bases for avoiding the appeal waiver. Accordingly, we find that this appeal falls within the scope of the waiver.

Normally, we would go on to inquire "whether the defendant knowingly and voluntarily waived his appellate rights" and "whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. But we need not address a *Hahn* factor that the defendant does not dispute, *see United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005), and Phillips does not raise any argument as to these factors. We deem him to concede that his waiver was knowing and voluntary and enforcing it would not result in a miscarriage of justice.

In sum, we find this appeal falls within Phillips's appeal waiver and no other *Hahn* factor counsels against enforcement of the waiver. We therefore grant the

government's motion to enforce the waiver, grant Phillips's counsel's motion to

withdraw, and dismiss this appeal.

Entered for the Court
Per Curiam